1  Daniel P. Collins (State Bar Id. No. 009055)
   Maureen P. Henry (State Bar Id No. 012185)
2  **COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
3  2210 Bank One Center
   201 North Central Avenue
4  Phoenix, Arizona 85073-0022
5  Telephone (602) 252-1900
   Facsimile (602) 252-1114
6  Email: dcollins@cmpbglaw.com
   Email: mhenry@cmpbglaw.com
7  Attorneys for Robert Patrick Abele, as chapter 7 trustee for
       the bankruptcy estate of Southwest Calf Ranch, Inc.

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>SOUTHWEST CALF RANCH, INC.  ☒<br><br>DON RAY BYBEE and<br>MAURINE BYBEE,  ☐<br><br>GILA RIVER DAIRY, INC.  ☐<br><br>Debtors.<br>_____<br>ROBERT PATRICK ABELE, as chapter 7 trustee of the estate of SOUTHWEST CALF RANCH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BEUTLER BROS. & CERVI RODEO CO., a Colorado corporation, surviving entity of a merger of CERVI CATTLE COMPANY, LLC and CERVI LIVESTOCK COMPANY; MICHAEL EUGENE CERVI and JANE DOE CERVI, husband and wife; J K CATTLE COMPANY, a dba of CERVI LIVESTOCK COMPANY; JIMMIE L. KING, aka JIM KING AND JANE DOE KING, husband and wife,<br><br>Defendants. | **Proceedings Under Chapter 7**<br><br>**Case No.: 2:02-bk-19776-RTB**<br><br>**(JOINTLY ADMINISTERED WITH CASE NO. 2:03-bk-05588-JMM AND CASE NO. 2:03-bk-05592-CGC)**<br><br>**Adversary No.: _____**<br><br>**COMPLAINT:**<br><br>  **1. FOR TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §§541, 542 AND 543;**<br><br>  **2. FOR AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547;**<br><br>  **3. FOR AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§544 AND 548; AND**<br><br>  **4. FOR RECOVERY OF PROPERTY OR THE VALUE OF SUCH PROPERTY PURSUANT TO 11 U.S.C. §§550 AND 551** |

For his complaint, Robert Patrick Abele ("Trustee" or "Plaintiff"), as chapter 7 trustee of the bankruptcy estate of Southwest Calf Ranch, Inc. ("Debtor"), by and through his undersigned counsel, states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court by virtue of 28 U.S.C. §§1334, 151 and 157, General Order No. 126 of the United States District Court for the District of Arizona and 11 U.S.C. §§541, 542, 544, 547, 548, 550 and 551.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(E).

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. Pursuant to Bankr. R. 7001, proceedings to recover money or property are adversary proceedings governed by Part VII of the Bankruptcy Rules.

5. The Trustee is permitted to bring this adversary action on behalf of the estate pursuant to Fed.R.Bankr.P. 6009.

## GENERAL ALLEGATIONS

6. Certain creditors of the Debtor commenced an involuntary chapter 7 bankruptcy proceeding under 11 U.S.C. §303 against the Debtor on December 10, 2002 ("Petition Date"). The Debtor did not contest the involuntary petition, but instead elected to convert the involuntary case to a voluntary case and to operate the business of the Debtor as debtor-in-possession.

7. On February 4, 2003 ("Order for Relief Date"), the Court entered its Order for Relief and converted the Debtor's case to a voluntary case under Chapter 11 of the United States Bankruptcy Code.

8. Don Ray Bybee and Maurine Bybee ("Bybees") filed their bankruptcy petition under chapter 11 of the Bankruptcy Code on April 4, 2003.

9. The Bybees also caused to have filed the voluntary petition of Gila River Dairy, Inc. ("Gila River"), a related entity, under chapter 11 of the Bankruptcy Code.

10. The Bybees own D&B Bybee Family, L.L.C., which allegedly owns 100% of

Gila River and 70% of the Debtor. The Bybees' son, Brett Bybee, owns the remaining 30% of the Debtor.

11. Brett Bybee filed his voluntary chapter 7 petition in Springfield, Missouri on February 25, 2004, at Case Number 04-60422 ABF.

12. On July 3, 2003, the Court entered an Order approving the appointment of a chapter 11 trustee in this bankruptcy case, and Robert Patrick Abele was appointed as Trustee in the Debtor's chapter 11 case on July 9, 2003.

13. As a result of the interrelationships among the Debtor, the Bybees, and Gila River, these three cases are being jointly administered at Case Number 2:02-bk-19776 RTB.

14. On November 25, 2003, the Trustee filed his Motion to Convert Chapter 11 Reorganization to Chapter 7 Liquidation as to the Southwest Calf Ranch, Inc. case only. The case was converted to chapter 7 on January 22, 2004. The Trustee was appointed to administer the Debtor's chapter 7 case.

15. The Bybees' case and the Gila River case were subsequently converted to chapter 7 on February 19, 2004.

16. At all times material hereto, the Defendants were doing business in the State of Arizona or caused an event to occur in the State of Arizona out of which Plaintiff's claims arise.

17. Cervi Enterprises, Inc., a Colorado corporation ("Cervi Enterprises"); C and R Ranch Company, a Colorado corporation ("C&R"); Beutler Bros & Cervi Rodeo Co., a Colorado corporation ("Cervi Rodeo"), and the two wholly owned subsidiary companies of Cervi Rodeo, Cervi Cattle Company, LLC, a Colorado limited liability company ("Cervi Cattle") and Envirocycle, LLC, a Colorado limited liability company ("Envirocycle"); Cervi Ranches, Inc., a Colorado corporation ("Cervi Ranches"), and its wholly owned subsidiary The Wheat Corp.; and Cervi Livestock Company, a Colorado corporation ("Cervi Livestock"), entered into an Agreement and Plan of Merger, which

has been recorded with the Colorado Secretary of State. Under the Agreement and Plan of Merger, C&R, Cervi Rodeo, Cervi Cattle, Envirocycle, Cervi Ranches, The Wheat Corp. and Cervi Livestock ("Merging Entities") were merged with and into Cervi Enterprises (the "Surviving Entity"), and all of the shares or ownership interests of the Merging Entities were converted into shares of the Surviving Entity, effective April 30, 2004. The name of the Surviving Entity is Beutler Bros & Cervi Rodeo Co. (hereinafter "Beutler & Cervi").

18. Michael Cervi ("Cervi") was the principal of Cervi Cattle and Cervi Livestock, and was also the registered agent for both entities. Cervi was also the president and sole shareholder of Cervi Cattle and Cervi Livestock and is the president and sole shareholder of Beutler & Cervi.

19. Beutler & Cervi's principal office and mailing address is 30130 WCR 49, Greeley, Colorado 80631. Cervi is the registered agent for Beutler & Cervi.

20. At the time of the events set forth herein, Jimmie L. King aka Jim King ("King") did business as JK Cattle Company. King is or was a principal of JK Cattle Company, which is located in Amarillo, Texas. Upon information and belief, JK Cattle Company was, at all relevant times, a dba of Cervi Livestock.

21. Prior to the Petition Date, the Debtor did business with Cervi and his related entities buying and selling cattle.

22. On or about September 20, 2002, the Debtor, B&B Calf Ranch and Brett T. Bybee, personally, signed a Promissory Note dated September 20, 2002, in the principal amount of $6 million (the "Note") in favor of Cervi Livestock.

23. The Note was secured by Deeds of Trust on three parcels of real property owned by the Debtor.

24. The books and records of the Debtor provide conflicting information regarding the amount of money actually owed to Cervi Livestock and/or Cervi; therefore, the Trustee demands strict proof of the amount of the indebtedness to Cervi or Cervi

Livestock or JK Cattle Company and reserves all rights to dispute the amount of such claims.

25. In September, 2002, the Debtor provided to Bank of America, its secured lender, collateral compliance certificates. According to these collateral compliance certificates, the Debtor owned over 17,000 head of livestock.

26. According to an Inventory Stock Status by Item in the books and records of the Debtor, the Debtor had on hand on September 15, 2002, the following inventory: 9,304 Ranch Calves, 733 Heifer Calves, 171 Crossbred Calves and 15,119 Steer Calves.

27. Hereinafter all of the livestock owned by or in possession or control of the Debtor as of September 15, 2002 shall be referred to as the "Livestock."

28. On the Petition Date, none of the Livestock were in the Debtor's possession.

29. The books and records of the Debtor reflect that the Livestock were removed from the business of the Debtor and or Bales Feed Lot and were delivered to multiple locations including feed yards, dairies, cattle companies and individuals.

30. Upon information and belief, approximately 10,000 or more head of the Livestock were removed or caused to be removed from the Debtor by Cervi and/or Cervi Cattle and/or Cervi Livestock an/or JK Cattle Company and/or King to pay antecedent obligations of the Debtor (the "Livestock Transfers").

31. Upon information and belief, Cervi and/or Cervi Cattle and/or Cervi Livestock and/or JK Cattle Company and/or King effected the Livestock Transfers, despite the fact that neither Cervi, Cervi Cattle, Cervi Livestock, JK Cattle Company nor King had a perfected lien or title or any other legal right to take possession of any of the Livestock at the time of the Livestock Transfers.

**First Cause of Action – Preference and Transfer Liability**
**(11 U.S.C. §§ 547 and 550)**

32. The Trustee hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

33. Within ninety (90) days of the Petition Date (i.e., from the period September 11, 2002, to the Petition Date, inclusive), the Defendants received the Livestock Transfers.

34. Each of the Livestock Transfers was of an interest of the Debtor in property.

35. Each of the above Defendants was a creditor of the Debtor within the meaning of 11 U.S.C. §101(10), or the Livestock Transfers were made for the benefit of a creditor.

36. Upon information and belief, the Livestock Transfers were for or on account of an antecedent debt.

37. Upon information and belief, the Livestock Transfers were made while the Debtor was insolvent.

38. The Livestock Transfers were made on or within ninety (90) days before the Petition Date.

39. Upon information and belief, the Livestock Transfers allowed each respective Defendant to receive more than such Defendant would receive if (i) the above-captioned bankruptcy case was under Chapter 7 of the Bankruptcy Code, (ii) the Livestock Transfers had not been made, and (iii) the Defendant had received payment of its debt to the extent provided under the Bankruptcy Code.

40. Upon information and belief, one or more of the Defendants received from the Debtor, within 90 days of the Petition Date, other transfers of cattle or property of the Debtor ("Other Transfers") in addition to the amounts set forth above. The Trustee seeks recovery of any Other Transfers, whether in cash, check or property, made on or within ninety (90) days before the Petition Date, from any of the Defendants to the extent the Other Transfers constitute preferences within the meaning of 11 U.S.C. §547. Plaintiff will amend his Complaint to more specifically identify such Other Transfers upon discovery and identification of the exact amounts and/or accounts relating to such Other Transfers.

Case 2:05-ap-00084-RTB    Doc 1    Filed 02/04/05    Entered 02/04/05 16:52:57    Desc
Main Document    Page 6 of 10

WHEREFORE, Plaintiff demands that this Court enter its judgment as follows:

A. Avoiding the Livestock Transfer and Other Transfers to any Defendant who was either (i) an initial transferee of the Transfers or Other Transfers or (ii) an immediate or mediate transferee of such initial transferee, pursuant to 11 U.S.C. §547(b);

B. Ordering that the Defendants and all subsequent transferees, return any and all such Livestock Transfers and Other Transfers, in an amount to be proven at trial, to the bankruptcy estate pursuant to 11 U.S.C. § 550(a);

C. For interest at the legal rate on all such sums from the Petition Date until paid, plus costs; and

D. For such other and further relief as this Court deems appropriate under the circumstances of this case.

**Second Cause of Action – Fraudulent Conveyance and Transfer Liability**
**(11 U.S.C. §§ 544, 548, and 550)**

41. The Trustee hereby incorporates by reference each and every allegation contained in Paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

42. On information and belief, within one year prior to the Petition Date (i.e., the period from December 9, 2001, to the Petition Date inclusive), Defendants received certain transfers (or were the immediate or mediate transferees of the initial transferee of the Debtor) of an interest of the Debtor in property, including, but not limited to, the Livestock Transfers (hereinafter the "One Year Transfers").

43. Upon information and belief, the One Year Transfers are voidable by the Trustee pursuant to 11 U.S.C. § 548 because they occurred within one year before the date of filing the petition and the Debtor: (a) received less than a reasonably equivalent value in exchange for the One Year Transfers, and (b) was insolvent on the date the One Year Transfers occurred or became insolvent as a result of such One Year Transfers.

44. Upon information and belief, the One Year Transfers are voidable by the Trustee

pursuant to 11 U.S.C. § 544(b) and A.R.S. § 44-1001, et seq. because the Debtor received less than a reasonably equivalent value in exchange for the One Year Transfers and the Debtor was insolvent on the date that the One Year Transfers occurred, or became insolvent as a result of the One Year Transfers.

45. Upon information and belief, the One Year Transfers are, in the alternative, voidable by the Trustee pursuant to 11 U.S.C. § 548 or 11 U.S.C. § 544(b) and A.R.S. § 44-1001, et seq. because the Debtor received less than a reasonably equivalent value in exchange for the One Year Transfers and was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

46. Upon information and belief, the One Year Transfers are, in the alternative, voidable by the Trustee pursuant to 11 U.S.C. § 548 or 11 U.S.C. § 544(b) and A.R.S. § 44-1001, et seq. because the Debtor received less than a reasonably equivalent value in exchange for the One Year Transfers and the Debtor intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

47. Upon information and belief, the One Year Transfers are, in the alternative, voidable by the Trustee pursuant to 11 U.S.C. § 548 or 11 U.S.C. § 544(b) and A.R.S. § 44-1001, et seq. because the Debtor made the One Year Transfers with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that the One Year Transfers were incurred, indebted.

48. Upon information and belief, in addition to the amounts set forth above, other transfers ("Other One-Year Transfers") were made by the Debtor to the Defendants during the one year prior to the Petition Date. The Trustee seeks recovery of such Other One-Year Transfers, whether in cash, check, livestock or other property, made on or within one year before the Petition Date, from any of the Defendants to the extent the

Other One-Year Transfers constitute avoidable transfers pursuant to 11 U.S.C. § 548 or 11 U.S.C. § 544(b) and A.R.S. § 44-1001, et seq. Plaintiff will amend the complaint to more specifically identify such Other One-Year Transfers upon discovery and identification of the exact amounts and/or accounts and/or property relating to such Other One-Year Transfers.

WHEREFORE, the Plaintiff demands that this Court:

A. Set aside the One Year Transfers by the Debtor of the Debtor's interest in the above-described property to the Defendants pursuant to 11 U.S.C. §§ 544(b) and 548(a) and A.R.S. §§ 44-1001 *et seq*.;

B. With respect to any of the Defendants, set aside Other One Year Transfers which are revealed during discovery and proven at trial;

C. Order the Defendants and any and all subsequent transferees to return any and all One Year Transfers and Other One Year Transfers to the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 550(a) for liquidation and distribution to creditors of the estate with interest thereon at the legal rate from the Petition Date together with costs;

D. For such other and further relief as this Court deems just and proper under the circumstances of this case.

### Third Cause Of Action – Turnover of Estate Property
### (11 U.S.C. § 542)

49. The Trustee hereby incorporates by reference all of the allegations contained in paragraphs 1 through 48 above, as though fully set forth herein.

50. On the Petition Date, the Debtor was the owner of some or all of the Livestock (hereinafter the "Estate Property").

51. The Estate Property and any proceeds thereof are property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1).

52. The Debtor's representative and the Defendants have failed to turnover to the Trustee the Estate Property or the proceeds of the sale or use of the Estate Property.

53. The Estate Property or the proceeds of the sale or use of the Estate Property are property the Trustee could use, sell or lease under 11 U.S.C. § 363.

54. The Estate Property or the proceeds of the sale or use of the Estate Property are in the custody and control of the Defendants.

55. The Estate Property or the proceeds of the sale or use of the Estate Property is not of inconsequential value or benefit to the bankruptcy estate.

WHEREFORE, the Plaintiff demands that this Court enter judgment against the Defendants, and each of them, jointly and severally, as follows:

A. Ordering the Defendants to turnover to the Trustee the Estate Property or the value thereof together with the proceeds from the sale or use of the Estate Property;

B. For judgment in an amount to be determined at trial, plus interest thereon at the rate prescribed by 28 U.S.C. §1961, from the Petition Date, until paid;

C. For a full accounting of all receipts, transfers, payments or other activities respecting the Estate Property and the Livestock and any other property which came into the Defendants' possession or control;

D. For the Trustee's reasonable costs and attorneys fees incurred herein; and

E. For such other and further relief as the Court deems just and proper under the circumstances of this case.

RESPECTFULLY SUBMITTED this 4th day of February, 2005.

COLLINS, MAY, POTENZA, BARAN & GILLESPIE P.C.

By/s/ Maureen P. Henry / 012185
Daniel P. Collins
Maureen P. Henry
Attorneys for Robert Patrick Abele, as trustee